L. D. EDGE, as Administrator cum testamento annexo of the estate of C. E. Rynearson, deceased, and FLETCHER TRUST COMPANY, a corporation as Executor and Trustee of the last will and testament of the said C. E. Rynearson, deceased, *Plaintiffs in Error,* vs. ROSETTA SHADE RYNEARSON, *Defendant in Error.*

145 So. 180.

Division B.

462

Opinion filed December 24, 1932.
Petition for rehearing denied January 18, 1933.

*Gaines & Futch* and *Duncan, Hamlin & Duncan,* for Plaintiffs in Error;

*H. C. Collins, Tim M. Sellar* and *J. W. Hunter,* for Defendant in Error.

TERRELL, J.—C. E. Rynearson died testate May 27th, 1931, in Lake County, Florida, and plaintiffs in error were named as his Administrator, Executor and Trustee as per title stated. His will was duly probated in Lake County and in Montgomery County, Indiana. He was possessed of extensive property interests in both Counties. August 26th, 1931, Rosetta Shade Rynearson, filed in the Circuit Court of Lake County, her dissent from the will of said C. E. Rynearson and at the same time petitioned the Court for allotment of her dower.

Both the dissent from the will and petition for allotment of dower allege the execution and probate of the will, that said will was executed prior to the marriage of C. E. Rynearson and Rosetta Shade Rynearson, that deceased

was a citizen of Lake County Florida and left no children surviving him, that he made no provision in his will for the petitioner although she was his lawful wife and was entitled under the law of Florida to dower in one third of all his real estate and one half of all his personal property.

Plaintiffs in error as defendants below filed their answers to the petition for allotment of dower in which they challenge the marriage of petitioner to the testator including her right to dower in his estate, but admitted all other material allegations of the petition. Testimony was taken on the issue thus made and on final hearing the prayer of the petition for dower was granted. This writ of error was to that final judgment.

To support her petition for dower defendant in error relies on an alleged common law marriage or marriage per verba de praesenti contracted by her and the testator. The sole question that we are called on to answer is whether or not the testimony supports such a marriage.

Capacity and mutual consent are essential to a common law marriage, which is recognized in this state. In Le Blanc vs. Yawn, 99 Fla. 328, 126 So. 789, we held that the best evidence of such a marriage was the testimony of the contracting parties or those present when they mutually agreed to take each other as man and wife. If this proof cannot be had it may be proven by habit or repute. When habit or repute is relied on it must be supported by positive proof that it was generally understood among the neighbors and acquaintances in the community and with whom the parties associate in their daily life that they are living together as man and wife and that their relations are not meretricious. A mere sojourn, visit or living together for a time will not support the common law marriage relation.

There is no evidence in the record to support capacity or mutual consent to the marriage or what the reputed

marital relation of the parties was in any community or when or where the marriage was contracted. In fact the net result of the evidence is to the effect that the testator and the petitioner rented and lived together in an apartment belonging to a Mrs. Mary E. Miller of Leesburg, Fla., for two months or less just prior to January first, 1931, that they passed and spoke of each other as man and wife while there and that occupants of other apartments in the same building understood them to be man and wife. There is no showing as to the relation of these parties prior to the time they rented this apartment early in November, 1930, or from the time they left it January 1st, following, to the testator's death about five months later.

The testimony at best merely shows cohabitation of the petitioner and the testator for two months or less and for all the record discloses this was as consistent with an illicit as it was with a legal relation. At any rate it was nothing more than a sojourn, visit or living together for a time which falls far short of the degree of proof necessary to establish a common law marriage by habit or repute as was accomplished in Le Blanc vs. Yawn, Supra.

The judgment below is therefore reversed.

WHITFIELD, P.J. AND DAVIS, J., concur.

ELLIS, J., concurs in the opinion and judgment.

Filed under Rule 21A.