54 So.2d 105 (1951)
MAYER
v.
MAYER et al.
Supreme Court of Florida, en Banc.
August 31, 1951.
F.A. Currie and William J. Lake, West Palm Beach, for appellant.
David B. Newsom, Miami, Fla., and S.F. Slaff, Passaic, N.J., for appellees.
HOBSON, Justice.
The learned Chancellor who determined the equities of this case made the following observations in his final decree:
"The question presented is whether under a conveyance dated February 1, 1932, the defendant, Alice Wach Mayer, holds title to certain property as the survivor of an estate by the entirety, or whether the property is a homestead and she holds possession only as the widow of the deceased, William Mayer, Sr.
"The deed in which Alice Wach, then single, was the grantor, was delivered while William Mayer, Sr., grantee, was married to another person. After the death of that person and the marriage of William Mayers, Sr., to Alice Wach, William Mayer, Sr., with the knowledge and consent of his then wife, Alice Wach Mayer, wrote in the deed after his name as grantee, the following: `his wife Alice Mayer', and then recorded the deed. Unquestionably William Mayer, Sr., and his then wife Alice Wach Mayer, intended to create an estate by the entirety, so that Alice Mayer would have the whole on his death."
In his order denying a petition for rehearing the Chancellor stated: "As I indicated in the Final Decree, I reluctantly arrived at the conclusion announced in the Decree. If the testimony of Alice Wach Mayer is admissible  then it well may be that the interlineation was made in the deed before delivery and that, coupled with adverse possession, a sufficient basis exists to grant the Petition for Rehearing and hear further testimony. But, as a matter of law, I do not believe her testimony is admissible as to the transactions with her deceased husband."
It may thus be seen that the Chancellor has "pinpointed", so to speak, the question presented for our determination. That question is: Was the testimony of Alice Wach Mayer upon the subject of delivery of, and of how and when the interlineation was made in, the deed, admissible?
We are inclined to disagree with the able Chancellor and hold that the testimony offered by Alice Wach Mayer, which was stricken, should have been admitted.
The objection to the proffered testimony was predicated upon the so-called "dead man's statute" which is Section 90.05, F.S. 1941, F.S.A. It is true that since Alice *106 Wach Mayer was the wife and is the widow of William Mayer, Sr., and therefore a person who is interested in the event of this suit, she should not have been "examined as a witness in regard to any transaction or communication between" herself and her deceased husband unless the defendants, or some of them who are heirs at law of William Mayer, Sr., should have first been examined on their or his own behalf concerning some feature or features of the overall transaction which took place between Alice Wach Mayer and William Mayer, Sr., during the latter's lifetime, with reference to the title to the subject property.
Counsel for appellees insist that none of the appellees attempted "to testify as to actual delivery of the deed, or as to when and why the inserted words were written therein." Appellees maintain that such testimony as they gave was confined to possession and occupancy of the property and the character of their deceased father's possession, whether as owner or otherwise. The inference to be drawn from their brief is that they would give to the word "transaction" as it is used in Section 90.05, supra, a very narrow and restricted construction. They appear to hold the view that the act of interlining and the conversation and circumstances attendant thereon should be construed as the "transaction" contemplated by the statute. Appellees emphatically state that no one of them gave any testimony within this limited sphere. Our study of the record sustains this contention.
Nevertheless, appellees, or some of them, testified concerning what their father told them about his relationship to the property. This testimony was to the effect that the father had claimed to be its sole owner. The question of ownership of the property is what gave rise to this litigation. When some of the appellees testified that their father told them he owned the property, such testimony obviously was given with the purpose in mind of persuading the Chancellor that William Mayer, Sr., had not intended to do, and had not done, any act which would have been calculated to create an estate by the entirety. Alice Wach Mayer endeavored to testify to the contrary by explaining the circumstances surrounding the insertion in the deed of the words "his wife, Alice Mayer".
The claims of all litigants are founded upon one and the same written instrument, to-wit: the deed in which the interlineation appears. This controversy revolves around the title to the property described in that deed. The appellant was the grantor and the deceased husband was originally named as sole grantee. They were, at the time of the interpolation, the only parties who possessed any interest in the title to the land in litigation. It is true that the act of interlining and the circumstances (including the conversation) attendant upon it constituted a transaction between appellant and her husband, now deceased. However, such occurrence was but a stroke of the brush upon the canvas of the composite picture  just a phase in the development and integration  of the complete transaction. Under the facts and circumstances of this case what the parties did and said concerning the title to the property constituted the "transaction" contemplated in and by Section 90.05, supra. When the heirs at law, or some of them, testified to what their father said about the title they opened the door, as it were, for appellant to testify concerning what the same person told her, as well as what he did, with reference to the title to the subject property. Certainly in such situation appellant should be permitted to rebut appellees' testimony and in so doing explain the entire "transaction" in which the title was involved.
The effect of the statute, Section 90.05, supra, was to modify the common law rule that all persons interested in the outcome of a suit were disqualified from testifying therein. The statute operated as a removal of this common law disability except in those cases wherein one of the parties to a transaction or communication was, at the time of the trial, dead, insane or a lunatic. The purpose of the statute was to prohibit an interested party from gaining an advantage over his adversary by being examined concerning transactions and communications which he had with a person who "at the time of such examination" was dead, "insane or lunatic". It is *107 only just, fair and equitable in a case such as this wherein death has sealed the lips of one party, that the law should as effectively silence the voice of the other. However, the salutary provision of the statute may be waived by those to whom it affords protection  heirs at law are included in such group. In re Thompson's Estate, 145 Fla. 42, 199 So. 352 and cases cited therein. See also Doing v. Riley, 5 Cir., 176 F.2d 449.
To say that appellees (heirs at law of William Mayer, Sr.) have not waived the statutory disqualification of appellant to testify in this case as she sought to do would result in giving to them a distinct advantage in that they would have the benefit of the court considering what they said decedent told them about the title to, or ownership of, the property  a most important element of the transaction in its broad and true sense and the controlling disputed point in this case  while appellant must remain mute upon that vital issue. A construction which would permit such end effect should not be placed upon the word "transaction" as it appears in Section 90.05, supra. Indeed, such an incapacious and straitened construction would permit, conversely the very evil which the legislature intended to abate.
We are impelled to the view, and hold, that the stricken testimony of Alice Wach Mayer should have been considered by the Chancellor and that she was not disqualified from testifying concerning transactions and communications between her and her deceased husband by virtue of the provisions of Section 90.05, F.S. 1941, F.S.A., because appellees waived the protection which that statute otherwise accorded them.
We have decided the only question which was suggested by the Chancellor and which was presented, briefed and argued by counsel. We do not intend herein to attempt to direct the Chancellor as to what his final decree should be. We envisage the possibility of at least two questions which may confront the Chancellor on final hearing. One of these questions probably could have been, but was not, presented on this appeal. That question is whether there could be any facts to which Alice Wach Mayer might testify which would sustain her contention that the deed created an estate by entireties, since it appears, at least upon the present record, that the interlineation was made in the deed after the execution thereof and it does not presently appear that it was reexecuted. Section 689.01, Florida Statutes 1941, F.S.A., provides: "No estate or interest of freehold, or for a term of more than one year, or any uncertain interest of, in or out of any messuages, lands, tenements or hereditaments shall be created, made, granted, transferred or released in any other manner then by instrument in writing, signed in the presence of two subscribing witnesses by the party creating, making, granting, conveying, transferring or releasing such estate, interest * * *."
The other question which may inhere in this case is whether the delivery of the subject deed was a conditional delivery. If the deed when it was delivered by Alice Wach Mayer to her husband William Mayer, Sr., was delivered conditioned upon Alice Wach Mayer being named as one of the grantees therein in such manner as to create an estate by entireties, it is at least possible that there was no complete or sufficient delivery and the Chancellor might be led to the conclusion that the title has continuously vested in Alice Wach, now Alice Wach Mayer, since the time she received title thereto by virtue of a Special Master's Deed bearing date of January 4, 1932. We decide neither of these questions.
The final decree is reversed with directions to the Chancellor that he permit Alice Wach Mayer to testify with reference to the transactions and communications which took place between her and her deceased husband at the time the interlineation was placed in the deed and that he reconsider this case, but we leave him completely free to give to the testimony of Alice Wach Mayer the probative force to which he deems it entitled and to enter his final decree accordingly.
Reversed with directions.
SEBRING, C.J., and TERRELL THOMAS, and ROBERTS, JJ., concur.
CHAPMAN and ADAMS, JJ., dissent.