55 So.2d 557 (1951)
LAMBROSE
v.
TOPHAM et al.
Supreme Court of Florida, Division B.
December 14, 1951.
*558 Robert L. Achor, Miami, and L.W. Renfroe, Tallahassee, for appellant.
E. Paul Beatty, Miami, for Litza Topham and Eugenie Nikakis.
Louis A. Sabatino, Miami, for Fotine Lambrose and Vasso Forotheou.
MATHEWS, Justice.
This case involves an alleged common law marriage. Alexander Lambrose came to this country from Greece many years ago. He died in Miami on November 9th, 1949, where he was a resident. On January 13, 1948, he had executed a will, which was a few days following the death of his wife.
This will was filed for probate in the County Judge's Court in Dade County. A woman who claimed to be Mrs. Alexander Lambrose filed a caveat in which she alleged that she was the common law wife of Alexander Lambrose, deceased. The appellees herein, being the beneficiaries under the will, filed their answer expressly denying that the appellant Harriet Lambrose (Mrs. Alexander Lambrose) was the widow of Alexander Lambrose, deceased.
In due course protracted hearings were held and testimony taken upon the issues as made. The County Judge made an order that: "Harriet Lambrose, also known as Harriet Tyman, is not the widow of the said decedent by virtue of a common law marriage". In the course of the order the Court stated: "This Court finds that the said Caveator has failed to establish that there existed a common law marriage between herself and the said decedent."
The Circuit Judge affirmed this order of the County Judge.
The appellant on this appeal has propounded two questions: (1) Is the burden of proving a common law marriage on the person or persons who assert the illegality of the marriage? and (2) Where uncontradicted testimony shows a present, mutual agreement to be man and wife, and the overwhelming weight of the evidence shows subsequent cohabitation and reputation as man and wife in the community of residence, is a common law marriage established?
It is well established in this state that the person who asserts the illegality of a marriage must assume the burden of proof of the assertion. Le Blanc v. Yawn, 99 Fla. 328, 126 So. 789. From the language contained in the order of the County Judge it is apparent that he considered the burden of proof on the appellant to establish her marriage to the deceased.
It is true that the appellant was required to establish a prima facie common law marriage. This was done by the uncontradicted testimony not only of the appellant but by more than a dozen witnesses living in the community. The burden then shifted to the appellees. In Hooper v. Stokes, 107 Fla. 607, 145 So. 855, 857, 146 So. 668, this Court held: "[W]here the probate judge misapprehended the legal effect of the evidence as an entirety, his findings should not be sustained merely because there is evidence that is contradicted on which the findings may be predicated." See also to the same effect In re Thompson's Estate, 145 Fla. 42, 199 So. 352.
Several hundred pages of testimony appear in the record. It would be too burdensome to summarize all of this testimony. We may point out some of the high-lights. The appellant, whose testimony was admissible because of cross examination (See Rich et al. v. Hunter et al., 135 Fla. 309, 185 So. 141), said that before the marriage *559 agreement was entered into, deceased purchased a home in March and later on March 15th they mutually agreed to become husband and wife. Deceased gave her the ring of his deceased wife. The appellant and the deceased signed a real estate contract in the presence of each other and other disinterested witnesses showing them to be husband and wife. The deceased referred to their home as their property and the deceased referred to the appellant as his wife on many occasions. On the birthday of the appellant, deceased gave her a birthday card signed Alexander Lambrose in the presence of others, where he acknowledged her to be his wife.
From a careful examination of all of the testimony the appellant not only offered sufficient testimony to establish the prima facie relationship of common law husband and wife but offered uncontradicted testimony of more than a dozen witnesses showing general repute and cohabitation as husband and wife. It was established by competent and positive proof that it was generally understood among the neighbors and acquaintances with whom the parties associated in their daily lives that they were living together as man and wife, and that their relations were not meretricious. The fact that the decedent was a sick man and that the appellant lived in the house with him for a few days and even in the same room, where there were twin beds, in order to care for him for a few days before the marriage, does not prove any clandestine or concubinage relationship.
Sufficient uncontradicted testimony showed a present, mutual agreement on the part of the deceased and the appellant to be husband and wife, and further shows subsequent cohabitation and reputation as man and wife in the community of the residence of the parties, and the testimony offered by the appellees in proof of their claim of the illegality of the marriage was not sufficient to meet the burden cast upon them.
The County Judge applied an erroneous rule of law with reference to the burden of proof and the Circuit Judge committed error in affirming the order of the County Judge. The case is reversed with the directions that the courts below take further proceedings in accordance with this opinion.
It is so ordered.
SEBRING, C.J., and TERRELL and ROBERTS, JJ., concur.