MATHEWS, Justice.
This is an appeal involving an alleged common-law marriage. The County Judge found that Annette Klinger was not the common-law wife of John Klinger, deceased, and in his order dismissing her petition for widow’s allowance, used the language: “* * * it is the final judgement of this Court that the petitioner failed by a preponderance of the evidence to prove that she was the common-law wife of the deceased”:
On appeal she claims that she had made out a prima facie case and that the burden of proof shifted to those contesting her right to a widow’s allowance, and that the burden of proof was not upon her to prove by a preponderance of the evidence that she was the common-law wife of the deceased.
The language used by the County Judge may have been confusing but the net result that she was not the common-law wife of the deceased is not confusing.
The order of the County Judge on appeal to the Circuit Court was affirmed.
It appears that Annette Klinger obtained a divorce from John Klinger in June, 1952, and from that time until the time of his death, January 25, 1953, she received $30 a week as alimony. John Klinger was a man of about 65 years of age; had had syphilis and was a very sick man from the time of the divorce until the time of his death.
Prior to the divorce they had lived at various places in the United States and at various hotels in Miami. After divorce was granted, the evidence shows, that she continued to live in the hotel with him in Miami as a maid or as a nurse, and waited on him. In order to consummate a new marriage after the divorce, there was no difference between her and any other woman able to contract marriage. No new agreement *51 appears to have been made between them that they would become husband and wife and no present assent of either appears from the record that they would presently become husband and wife or that they did become husband and wife.
Although, she was not required, by a preponderance of the evidence, to prove that she was the wife of John Klinger, the record fails to reveal even a prima facie case of present assent or a marriage by repute and habitation.
There was sufficient legal, competent testimony before the County Judge that she continued to live in the same hotel and room with him after the divorce and received $30 per week alimony from him. He often referred to her as his former wife and on several occasions stated in her presence that she was not his wife. He introduced her to various people as his ex-wife and mentioned the fact that he was paying her $30 per week alimony. The record shows that Annette Klinger stated that she was elated at no longer being Mrs. Klinger; that she was not his wife but was his ex-wife; she referred to herself as a sort of housekeeper. One of the witnesses for Annette Klinger testified that he introduced her as his ex-wife and always referred to her as his ex-wife. Annette Klinger reluctantly admitted that she received checks in the amount of $30 per week from the decedent. One witness testified that Annette Klinger told him a million times between July, 1952, and the time the deceased died that she never considered herself as the wife of the deceased.
There was an abundance of legal and competent evidence to justify the finding of the County Judge that Annette Klinger was not the common-law wife of John Klinger.
The decree of the Circuit Court affirming the final decree, or order, of the County Judge, be and the same is hereby
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.