### In re PARKER'S ESTATE.

Circuit Court, Sarasota County, Civil Appeal.

February 6, 1956.

Randolph Calhoun and Clyde H. Wilson, both of Sarasota, for appellant.

Kirk & Pinkerton, Sarasota, for appellee.

L. L. FABISINSKI, Circuit Judge.

The appeal is from an order finding adversely to Irene Rutherford Parker on her petition for revocation of letters testamentary previously granted to another, and praying for issuance of letters of administration to her as the widow of the deceased. The answer to the petition denied that petitioner was the widow of the deceased. Testimony on behalf of petitioner was completed, whereupon counsel for administrator filed a pleading entitled "Demurrer and Motion to Dismiss." Whatever the real effect of the motion may be, all parties and the county judge treated it as a demurrer to the evidence after the fashion of pleadings so framed in common law procedure, and no question was raised in the county judge's court, or here, as to the propriety of such pleading.

The county judge, in granting the motion to dismiss included in the pleading construed as such demurrer, recited that the court had "observed the demeanor of petitioner's witnesses on the stand and the credibility of the witnesses" and found as a matter of fact that petitioner had failed to establish, prima facie, a marriage as at common law, no ceremonial marriage being claimed. It is this finding that is challenged on appeal. In argument it is also strenuously urged that the court erred in taking into account, in arriving at its conclusion on the weight of the evidence, the demeanor of witnesses and their credibility. Essentially, it is upon the latter contention that the merits of the appeal rest, and the argument was principally directed to that phase of the court's order, upon the theory that in considering a demurrer to the evidence, the court may not exercise independent judgment as to the weight to be given to the testimony of the witnesses, but must accept it as true, with all favorable inferences to be drawn therefrom, and disregarding all conflicts which may appear. Undoubtedly that is the correct theory as applied to a determination of a demurrer to the evidence in common law practice, even where the case is tried before the court without a jury. But it does not follow that this rule applies in the determination of the matter before the court.

In many jurisdictions will contests are common law proceedings, and issues of fact are determined by a jury. In those jurisdictions the practice of entertaining demurrers to the evidence is recognized. In Florida issues of fact in probate matters are not determined

as at common law, and the practice followed is much more akin to equity. They are, in fact, proceedings sui generis, much as declaratory judgment actions are. Appeals follow chancery procedure. The determination of all questions arising in probate court are equitable in nature. By tradition in Florida, equity practice is substantially followed in probate courts.

The procedure in other jurisdictions has been examined in order to determine the procedure which ought to be followed here. It would have been an interminable task to read, analyze and study all the cases bearing on the subject, but the headnotes of hundreds of cases digested in American Digest, from the Century Digest (title "Trial", sections 899-900) and the Decennials and General Digest down to date (title "Trial", key numbers 382, 383, 384) have been carefully examined, compared and distinguished, and when the cases decided as at common law are eliminated, the decisions are well nigh unanimous in holding that in non-jury cases tried before the court as judge of law and fact, motions attempted to be made upon the theory that they are demurrers to the evidence, or for a directed verdict, have the effect of a submission of the cause, as on final hearing.

Whenever motions have been interposed in chancery cases of like nature as that filed in this cause, this court has consistently held that the motion constituted a submission of the cause upon bill, answer and plaintiff's testimony, without limitation upon the court as to its consideration of the weight of the testimony, its credibility, its reasonableness, inherent conflicts, and impressions made by the individual witnesses heard orally by the court. And the court entertains no doubt but that the effect of such a motion is to waive the time allowed by the rules for taking of testimony, and is a waiver of the right to present testimony by the defendant, and is a submission on final hearing. And the court is of the opinion that the motion made in the instant case had a like effect.

Accordingly the county judge was not in error in basing his findings on the evidence, the pleadings, and the credibility and demeanor of the witnesses.

It remains to determine the sufficiency of the evidence to establish, prima facie, a common law marriage.

In re Thompson's Estate (Fla.), 199 So. 352, was a case involving the establishment of a common law marriage. The court said at page 46—"So it appears that it may be considered settled in this jurisdiction that on consideration of the evidence the circuit

court may reverse the order of the county judge sitting in probate but only if and when it appears that the county judge misapprehended the legal effect of the evidence as an entirety, or where there is no substantial legal evidence to support the findings of the county judge, and that the circuit judge may not in the exercise of his appellate power reverse the county judge merely because he does not agree with the county judge as to the weight and probative force of the evidence." The court then goes on to consider the effect of section 55 of the 1933 Probate Act, in regard to an appeal being a step in the cause, and adheres to its former holdings summarized in the quotation.

This court is bound by this rule on determining appeals, and it inevitably follows that the finding of the county judge must be sustained. Accordingly, the order of the county judge is affirmed, at petitioner's cost.