SHANNON, Judge.
This is an appeal from a final judgment entered by the County Judge below dismissing the petition of Benson Harrington. This petition alleged that by virtue of a common-law marriage, the petitioner was the surviving spouse of Barbara Harrington, deceased.
Benson Harrington and Barbara Harrington were married on May 5, 1917, and they lived together as a man and wife until -January of 1957. At that time Barbara Harrington obtained a divorce from *737 her husband, and, in addition, she was awarded alimony in the amount of $90 per month. Benson Harrington moved out of the family home and the parties lived apart for about six months. During this time Barbara Harrington became interested in one John Muth and he eventually moved into a room in Barbara Harrington’s home. In the early summer of 1957, John Muth moved out of the house and Benson Harrington returned and resumed living in the house with his former wife. He remained for a little more than a year and left again in November of 1958. A short time later John Muth moved back into the house with Barbara Harrington and there is testimony that the two were seriously contemplating marriage at this time.
Barbara Harrington died on January 1, 1959. She left a brief, hand-written will, by which two parcels of real estate went to her sister, Mrs. Miller. The remainder of her estate was not covered by the will and would therefore pass by intestacy. Mrs. Miller subsequently qualified as Ad-ministratrix C.T.A., and she appears as appellee here in that capacity.
By his petition in the court below Benson Harrington takes the position that a common-law marriage resulted in 1957 when he returned and lived with Barbara Harrington for more than a year. The County Judge ruled against the petitioner and found that no common-law marriage existed, whereupon the petition was dismissed and this appeal resulted.
The sole question before this court concerns this alleged marriage. If such a marriage did, in fact, exist, then Benson Harrington is the surviving husband, for there is nothing in the record that would have terminated the relationship prior to Barbara Harrington’s death. In ruling against the petitioner in the proceedings below, the County Judge was apparently guided by several factors, including the following:
1) That Benson Harrington continued his alimony payments up to the decedent’s death, and filed a separate income tax return reflecting these payments;
2) That Benson Harrington remained silent when the undertaker inquired about the decedent’s marital status, and further, that he remained silent when the undertaker was told that the decedent was a divorced woman;
3) That Benson Harrington did not assist in the expenses of the decedent’s funeral.
It is well established in this State that the burden is upon the person alleging a common-law marriage to prove a prima facie case. As was said in Carretta v. Carretta, Fla.1952, 58 So.2d 439, at page 440:
“There are certain elementary principles well established in this State with reference to common-law marriages. In this case the burden was upon the appellee to establish a prima facie common-law marriage, and had she done this, the burden would have shifted to the appellant to prove the illegality of such common-law marriage. * * * ’*
In determining whether or not the appellant has met this burden in the case at bar, we have studied the record in the light of many Florida cases where a common-law marriage question arose, e. g.: Marshall v. Sarar, Fla.App.1960, 118 So.2d 258; In re Colson’s Estate, Fla.1954, 72 So.2d 57; Lambrose v. Topham, Fla.1951, 55 So.2d 557; Edge v. Rynearson, 107 Fla. 461, 145 So. 180; and Le Blanc v. Yawn, 99 Fla. 328, 126 So. 789. The record shows some conflict in evidence generally, but there is no evidence whatsoever to indicate that Benson Harrington and Barbara Harrington made a new agreement to become husband and wife. Without this there could be no prima facie case of common-law marriage. See In re Klinger’s Estate, Fla.1954, 73 So.2d 50.
*738 The appellant has pointed out several instances where witnesses considered Barbara and Benson Harrington to he man and wife during the time they lived together after the divorce. In view of the fact that the divorce had been kept secret, for religious reasons, the county judge refused to accept this testimony as proof of common-law marriage, and we cannot hold him in error for so doing. None of the witnesses had any ' knowledge that there had been a divorce, and, consequently, they had no knowledge of a change from the former status of husband and wife.
We find no error in the findings of the trial court that there was insufficient evidence to establish a common-law marriage, and the dismissal of the petition below is hereby affirmed.
Affirmed.
ALLEN, C. J., and KANNER, J., concur.