MANN, Judge.
The complaint alleges that plaintiff’s decedent loaned several thousand dollars to defendants and was given legally inadequate evidence of the loan, when he had been led to believe that he had a valid note and mortgage.
Prior to trial, on the court’s own motion, the order appealed from was entered. It states that “the Court hereby rules that the Defendants, and all persons interested in this case, will not be allowed to testify to any of the dealings with the Deceased, with the exception of testifying whether or not they ever borrowed any money from the Deceased. They will not be allowed to testify that this money, if any, was borrowed so long ago that the Statute of Limitations of Florida applies; they will not be allowed to testify that the rate of interest was usurious; they will not be allowed *15 to testify to any facts which would make applicable either the Doctrines of Laches or the Statute of Frauds, it affirmatively appearing from the pleadings, the style of the cause, and the facts before the Court, that Florida Statutes, Chapter 90.05, F.S. A., entitled ‘Witnesses; as affected by interest, more commonly referred to as the Deadman’s Statute,’ is applicable.”
The order was premature. The Deadman’s Statute can be waived. While anticipation of evidentiary problems which might arise at trial is admirable, counsel should have opportunity for argument and should in all events retain their rights to introduce admissible evidence. Whether evidence of the sort mentioned will be ultimately admissible depends on matters not shown of record. See Howland v. Strahan, Fla.App.3d 1969, 219 So.2d 472; cert. denied, Fla.1969, 225 So.2d 919; Security Trust Co. v. Calafonas, Fla.1953, 68 So.2d 562; Mayer v. Mayer, Fla.1951, 54 So.2d 105; Fla.Jur., Witnesses, § 124-128.
Reversed and remanded.
LILES, A. C. J., and HOBSON, J., concur.