PER CURIAM.
The appellees have correctly conceded that the trial court erred in dismissing Counts II, III and IV of the appellant’s complaint, since it is abundantly clear that (1) the statute of limitations provides no basis for dismissal unless, which is not the case here, it affirmatively appears on the face of the complaint that the counts are limitations barred; (2) similarly, the dead man’s statute, § 90.602, Fla.Stat., cannot support a dismissal since a trial court, in considering a motion to dismiss, “is not permitted to speculate as to whether a plaintiff will be able to prove his allegations, rather a court is required to accept all well pleaded allegations contained in the complaint as true,” Raney v. Jimmie Diesel Corp., 362 So.2d 997, 998 (Fla. 3d DCA 1978); see also Wallace v. Gilbert, 250 So.2d 14 (Fla. 2d DCA 1971); and (3) each of the dismissed counts states a cause of action so as not to be subject on that ground to dismissal, much less, as occurred below, dismissal with prejudice. Accordingly, the order under review is reversed and the cause remanded for further proceedings.
Reversed and remanded.