LILES, Judge.
Appellant and appellee were divorced in 1969, and the court awarded custody of the three minor children of the parties to the appellee father. The order of the court awarding custody also prevented either party from removing the children from the State of Florida.
Subsequently, the father petitioned the court for modification of the final decree, seeking permission to remove the children to the State of Michigan. The mother contested modification and asked that the decree be modified giving her custody of the children. At the conclusion of the hearing, the trial judge granted appellee’s petition to remove the children to the State of Michigan and this appeal ensued.
We believe the trial court erred in granting the father permission to remove the children to the State of Michigan, thereby rendering visitation of the children by their mother a nullity. The mother has been seeing the children almost daily. This arrangement seems to be in the best interests of the children whose ages are 8, 9 and 10. To remove these children from the State of Florida to the State of Michigan would for all intents and purposes nullify the mother’s opportunity to visit the children and have them visit with her.
The testimony shows that appellant mother has remarried and provides an adequate home and surroundings for the visitation of the children. The uncontradicted testimony of Dr. Rosenblum also shows that the best interest of the children would best be served by remaining where the mother could visit with the children.
For these reasons the order allowing the father to remove the children from the State of Florida is hereby reversed, and the order denying appellant’s motion for a change of custody is affirmed.
Reversed in part and affirmed in part.
PIERCE, J., concurs.
HOBSON, C. J., dissents.