307 So.2d 911 (1975)
Carol Jane BELL, Appellant,
v.
Donald Leonard BELL, Appellee.
No. 74-349.
District Court of Appeal of Florida, Third District.
January 28, 1975.
Rehearing Denied February 26, 1975.
G. David Parrish, Coral Gables, and James L. Wall, Jr., Miami, for appellant.
Horton, Perse & Ginsberg, Miami, George Baker Thomson, Coral Gables, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Appellant, Carol Jane Bell, natural mother of two minor children, appeals from a final order of the trial court transferring permanent custody of the children from her to the natural father, Donald Leonard Bell.
The parties hereto were divorced by order of the circuit court, Dade County, on June 9, 1970, wherein the mother was granted sole custody, care and control of the children *912 of the parties with rights of reasonable visitation by the father. This domestic strife again reached the circuit court on January 24, 1973, by a petition by the father that he be granted permanent custody of the children and for relief from child support and alimony, alleging therefor, in effect, as a basis, that the mother was unfit to have custody of the children. No further proceedings transpired until June 19, 1973, when the trial judge entered the following order of referral to a master for hearing:
"This cause coming on to be heard this day on the husband's Motion for Custody and Other Relief dated January 24, 1973, filed hereby by DONALD L. BELL, Husband, and the Court being fully advised, it is thereupon
1. ADJUDGED that QUENTIN T. ELDRED, Special (sic) Master of the Circuit Court of this Judicial Circuit, be and he is hereby directed to take all necessary hearings on the Husband's said Motion, as such Special (sic) Master, and perform all other duties necessary and incidental thereto, pursuant to, and as provided by, Administrative Order No. 73-15 of this Court, and Rule 1.490 of the Florida Rules of Civil Procedure, and report back to this Court, as soon as is practicable, his findings and recommendations."
The mother filed her response to the father's petition denying the material allegations contained therein. She also strenuously objected to the appointment of the master by the court and filed a suggestion for a writ of prohibition which was denied by this court on September 18, 1973.[1] On August 28, 1973, the trial court, pursuant to the petition of the father for change of custody, entered an order compelling the mother to produce the children before Quentin Eldred, general master, for the taking of testimony on the father's petition which had been referred to the master by the order of June 19, 1973. On September 13, 1973, Quentin Eldred as general master, filed his findings and recommendations and proposed order recommending that the father, Donald Leonard Bell, be granted permanent custody with rights of visitation to the mother. On September 21, 1973, the mother filed her exceptions to the general master's report and as grounds therefor alleged that the master erred as a matter of fact and as a matter of law, setting forth numerous specific arguments therefor. On September 28, 1973, the trial court entered the following order referring the mother's exceptions to the general master's report to Irwin Futerfas as special master for the circuit court, to consider the mother's exceptions to such general master's report.
"UPON CONSIDERATION of Wife's Motion to Set-Aside this Court's Order and Wife's Motion for Hearing upon her Exceptions to the report of General Master filed in this cause on the 21st day of September, 1973, this Court having heard argument of Counsel for Wife and Counsel for Husband, it is hereby
ORDERED AND ADJUDGED:
1. This Court's Order Transferring Custody entered on the 24th day of September, 1973, is hereby vacated, in that it was entered prematurely.
2. This cause pursuant to RCP 1.490 is hereby referred to IRWIN FUTERFAS as Special Master for the Circuit Court, in the absence of the Hon. Quentin T. Eldred, General Master of the Circuit Court of the 11th Judicial Circuit, and, as such Special Master, is hereby directed to consider Wife's Exceptions to Report of General Master as filed with this Court on the 21st day of September, 1973 ... and report back to this Court, as soon as is practicable, his findings and recommendations... ."
*913 Thereafter, on October 10, 1973, Irwin Futerfas, as special master, filed his report recommending that the report of Quentin Eldred be approved and ratified and that the mother's exceptions thereto as to fact and as to law, be denied.[2] On October 5, 1973, the circuit court entered its order granting temporary custody of the children to the father. A supplemental order was entered on October 15, 1973. On October 19, 1973, the wife filed exceptions to the report of the special master with reference to his hearings on the wife's exceptions to the general master's report (which were "denied in toto" by the court in an order of November 19, 1973) and on October 24, the wife filed a motion to vacate the supplemental order, stating as a ground that same was entered without motion, notice or hearing. There was a hearing on the motion of the mother to vacate such supplemental order, and in November this cause was again referred back to the general master under the original order of referral of June 19, 1973, for further hearing on the wife's motion to terminate the prior custody order of October 5, 1973. The general master, pursuant to such order, filed another report recommending that custody of the children remain with and be granted to the father, which recommendation was ratified and approved by the trial court by order of February 7, 1974, which order is the subject matter of this appeal.
The mother has raised two critical and meritorious points on appeal. First, she asserts that the court erred and abused its discretion by referring the matter of custody of her children to the general master over her strong objection. Second, she contends that the trial judge erred in that upon receiving the general master's findings and recommendations, the court improperly referred her exceptions thereto to a special master to consider such exceptions to the general master's report.
As to the first point, there can be no doubt that the entire matter of the father's petition including custody of the children was referred to the general master by the court's order of June 19, 1973, under Administrative Order No. 73-15 of the circuit court[3] and reports with recommendations *914 thereon were made by the general master in such capacity.
There is no provision in Administrative Order No. 73-15 for the handling of post-decretal custody matters by the general master. Therefore, the court was without authority to direct the general master under Administrative Order No. 73-15 to determine the matter of custody where an objection was made by an interested party.
As to the second point, it is well established that special masters may be appointed to serve in a ministerial capacity to perform a particular service to aid the court in an accurate and expeditious determination of a cause. Rule 1.490, RCP; Slatcoff v. Dezen, Fla. 1954, 74 So.2d 59. We fully realize that in the circuit here involved, the trial dockets are often unusually congested due to a tremendous volume of litigation. We also realize that such congestion taxes the capacity of the most devoted judges. However, we are also mindful that there is a constitutional duty imposed on the judiciary by Art. I, § 21 of the Constitution of the State of Florida, wherein it is stated that all persons shall have access to the courts and that "... justice shall be administered without ... denial ..." Under Rule 1.490, RCP, a circuit judge may appoint masters and refer certain matters to them as a matter of procedure. However, "The judicial power ... (is) not delegable and cannot be abdicated in whole or in part by the courts." In re Thompson's Estate, 1940, 145 Fla. 42, 199 So. 352, 355. Exclusive original jurisdiction of equity cases being vested in the courts, "... a consideration of the advantages and practicalities of the master system must be restricted by the knowledge that there is no organic provision for delegation by the Court to a master of any of the Court's power." Slatcoff v. Dezen, supra, 74 So.2d at 63. Exceptions having been filed by the mother to the findings and recommendations submitted by the master, we find that it was error for the court to refer such exceptions to a special master for consideration and for a determination thereon. Even when no exceptions are made to the master's report, entry of a final judgment in accordance with the master's findings and recommendations is not a mere formality. Rather, the court is duty bound to examine and consider the evidence for itself and to make a judicial determination as to whether under the law and the facts the court is justified in entering the judgment recommended by the master. Lyon v. Lyon, Fla. 1951, 54 So.2d 679, 680.
"In a Treatise on Equity Pleading and Practice by Van Zile at page 435, the author states: `In the judge of the court alone is vested the authority to fully and finally determine the issues of law and fact in every cause brought into the court, and he cannot delegate that authority to any other person or officer, except by consent of all the parties to the case.'

*915 Beach on Equity Practice, Vol. II, at page 666, has the statement that `It is not competent for a court of chancery, of its own motion or upon the request of one party, to abdicate its duty to determine by its own judgment the controversy presented and devolve that duty upon any of its officers.'" Slatcoff v. Dezen, supra, 74 So.2d at 63.
Based on the foregoing, this cause is hereby reversed and remanded to the trial court for further hearing as to custody of the children consistent with this opinion. The mother's remaining assignments of error pertaining to weight and sufficiency of the evidence and abuse of discretion by the trial judge therefore are moot.
Reversed and remanded with directions.
NOTES
[1] State ex rel. Bell v. Eldred, Fla.App., 285 So.2d 452.
[2] OF SPECIAL MASTER
This cause having come on for hearing befor me upon the Order signed on September 28, 1973, which said Order provided, among other things, that the undersigned was appointed Special Master for the Circuit Court and directed to consider Wife's Exceptions to Report of General Master heretofore filed, with evidentiary considerations limited to the Mailman Center for Child Development report; and the Special Master having heard arguments of counsel and been otherwise advised in the premises, reports and finds:
1. That the Special Master has reviewed the file, evidence and transcripts of prior proceedings.
2... .
3. That counsel for said wife, Carol Jane Duval, formerly Carol Jane Bell, further made an oral motion to set aside the Report and Findings of the General Master, in that the same was not in conformity with the statements made by the General Master at the hearing before him on September 10, 1973, and as contained in the transcript of said proceedings  pages 138-141. The Special Master finds that said motion should be denied.
4. That with regard to the Wife's Exceptions to Report of General Master, the same were considered on a paragraph-to-paragraph basis, and the Special Master finds as folfollows:
a. That with regard to paragraphs 1, 2, 4, 6, 8, 9, 10, and 11, the same should be denied ..."
[3] ORDER No. 73-15:
"WHEREAS, many post-decretal matters involving child support, maintenance and alimony, are brought before this Court, by persons of limited income and resources, unable to employ counsel, and,
WHEREAS, the interest of the public and particularly of litigants involved in such post-decretal proceedings before this Court requires that all steps leading to a flexible and speedy disposition of such matters be undertaken to the end that deprivation of individuals involved may be lessened, and,
WHEREAS, the normal processes necessary and incidental to the regular business of the Court entail delay in the handling of such matters contrary to the interest of beneficiaries involved in such post-decretal matters, and
WHEREAS, it is the obligation of this Court under the Constitution of the State of Florida and of the Rules of Court promulgated by the Supreme Court of this State to make this Court and its processes accessible and responsive to the people served by this Court,
THEREFORE, by the authority vested in me as Chief Judge of the Eleventh Judicial Circuit of the State of Florida under Rule 1.020, Florida Rules of Civil Procedure, it is thereupon
ORDERED AND ADJUDGED that
1. QUENTIN T. ELDRED is hereby appointed to serve as General Master of the Circuit Court of the Eleventh Judicial Circuit, In and For Dade County, Florida in accordance with Rule 1-490 (sic) of Florida Rules of Civil Procedure.
2. That such General Master's duties shall be limited to conducting postdecretal hearings as to child support, maintenance and alimony, in accordance with said Rule 1.490.
3. That such hearings shall be had at such places and on such schedules as the Chief Judge from time to time may direct.
ORDERED at Miami Florida, this 23 day of March, A.D., 1973.
 /s/ Thomas Lee
 CHIEF JUDGE"