352 So.2d 113 (1977)
Maureen H. SNIFFEN, Appellant,
v.
John M. SNIFFEN, Appellee.
No. 76-1587.
District Court of Appeal of Florida, Fourth District.
November 9, 1977.
Rehearing Denied December 15, 1977.
Sheldon Golding, Fort Lauderdale, for appellant.
Charles T. Whitelock, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Mr. Sniffen, age 72 at the time of trial, married Mrs. Sniffen, age 34 at the time of trial, in April 1975. They had been married previously in 1965 and divorced in 1966. The parties entered into an agreement in September 1975, wherein Mrs. Sniffen agreed to "release" to Mr. Sniffen $135,000 worth of bonds; and Mr. Sniffen agreed to give Mrs. Sniffen $115,000 worth of bonds, 1823 shares of assorted stocks, a substantial *114 amount of cash, plus a "Deed to house to be jointly owned and in both names." Pursuant to that understanding, Mr. Sniffen executed a deed that transferred title to the marital domicile to both parties as tenants by the entireties. On March 8, 1976, Mr. Sniffen filed a petition for dissolution of marriage. Thereafter, Mrs. Sniffen also filed a petition for dissolution of marriage. Upon the motion of Mr. Sniffen the actions were consolidated.
At trial, Mr. Sniffen contended that Mrs. Sniffen had unlawfully obtained possession of many of his shares of stock and bonds and refused to release them to him unless he executed the agreement referred to above. He contended further that the agreement of September 1975 was obtained by Mrs. Sniffen through coercion and duress, and that the marital domicile should be awarded to him.
In the final judgment appealed from the trial court found that the agreement of September 1975 was null and void on the grounds that: "said agreement lacked the requisite consideration and/or was obtained through duress or coercion." Based on that finding the judgment provided: "[a]ll stocks and bonds with the attached coupons are to be the sole property of the Petitioner, inclusive of the Two Hundred Thousand Dollars ($200,000.00) in Bearer Bonds in the possession of the Respondent." The judgment also found that Mr. Sniffen had a special equity in the marital home because "he has contributed diverse amounts of money towards the purchase, acquisition and/or maintainance of said property". However, in the decretal portion of the judgment, the trial judge directed that the marital domicile be sold and that the parties equally divide the proceeds or that Mr. Sniffen could purchase Mrs. Sniffen's one-half interest at market value.
With regard to the main appeal filed by Mrs. Sniffen, we have determined that there is adequate support in the record for the finding that the agreement of September 1975 was obtained by duress and coercion. In addition, we find no merit to Mrs. Sniffen's other suggestions of error.
Mr. Sniffen has cross assigned as error (a) the failure of the trial court to set aside the deed creating the estate by the entireties; (b) the trial court's direction that the marital home be sold and the proceeds divided between the parties; and (c) the trial court's award of lump sum and rehabilitative alimony to Mrs. Sniffen.
It appears to us the final judgment is inconsistent in some respects. If Mr. Sniffen had a special equity in the marital domicile, then Mrs. Sniffen would not be entitled to one-half of the proceeds of the sale thereof. But in any event, the court had no authority to order a sale of said property. There was no pleading basis for partition and no agreement that the court should do so. Niemann v. Niemann, 294 So.2d 415 (Fla. 4th DCA 1974).
A further inconsistency appears in the trial court's adjudication that the agreement of September 1975 was null and void and its refusal to set aside the deed creating the estate by the entireties. That deed was the product of the invalid agreement, and therefore it should have gone the way of the agreement.
Accordingly, Paragraph 6 of the findings portion of the final judgment finding a special equity in the husband is vacated. Paragraph 6 of the decretal part of the judgment directing a sale of the marital domicile located at 1621 Southwest 5th Street, Fort Lauderdale, Florida, is reversed. The cause is remanded to the trial court with directions that it amend the final judgment by setting aside the deed which created the estate by the entireties.
In all other respects the final judgment is affirmed.
DAUKSCH and LETTS, JJ., concur.