367 So.2d 1113 (1979)
John A. WASZKOWSKI, Appellant,
v.
Sherry WASZKOWSKI, Appellee.
No. 78-1704.
District Court of Appeal of Florida, Third District.
February 27, 1979.
A. John Goshgarian and Howard J. Hochman, Miami, for appellant.
Ronald S. Lieberman and Kenneth Ofgang, Miami, for appellee.
Before BARKDULL, HUBBART and SCHWARTZ, JJ.
HUBBART, Judge.
By this interlocutory appeal under Fla.R. App.P. 9.130(a)(4) (1978), we are asked to review the propriety of a post-judgment order approving a general master's report on a motion to modify child custody filed by the wife Sherry Waszkowski in a marriage dissolution action. We affirm the order under review except that portion which approves a child support award of $25 a week to be paid by the husband John Waszkowski as recommended in the general master's report. The child support award as contained in the order under review is reversed.
The law is clear that a general master may not go beyond the matters referred to him for determination by the trial court, and that if a general master reports as to a matter which was not referred to him by the trial court, his report so far as it relates to that matter is a nullity. Burns v. Burns, 153 Fla. 73, 13 So.2d 599 (1943); White v. Walker, 5 Fla. 478, 486 (1854); Koenig v. Watsco, Inc., 261 So.2d 851, 854 (Fla. 3d DCA 1972). In the instant case, the general master exceeded the scope of his authority when he took testimony and determined the issue of child support herein. The trial court had previously referred the issues of child custody and visitation to the general master for determination based on the wife's post-judgment motion to modify child custody. The wife did not request child support in her motion to modify and the trial court did not refer that issue to the general master for determination. As such, the general master's report relating to child support was a nullity and should not have been approved on that issue by the trial court. In all other respects, the general master's report was properly approved by the trial court.
Affirmed in part; reversed in part.
*1114 SCHWARTZ, Judge (concurring in part, dissenting in part).
I fully agree with the court's reversal of the award of child support. However, I would also reverse that portion of the order on interlocutory appeal which eliminated a requirement that the child remain in Dade County, which had been incorporated into an earlier award of custody to the mother. The effect of the modification, for which the mother moved only two days after the prior order had been entered, was to permit the child to be taken to Texas with the mother and her new husband, and thus to end, as a practical matter, the father's liberal visitation rights which he had been granted and which he had faithfully exercised. See Scheiner v. Scheiner, 336 So.2d 406, 408 (Fla. 3d DCA 1976), cert. denied, 342 So.2d 1103 (Fla. 1977). In my view, the record contains no evidence whatever of a substantial change of circumstances adversely affecting the welfare of the child which is required to warrant a modification of the arrangements provided in an existing award of child custody. Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1967); Ritsi v. Ritsi, 160 So.2d 159 (Fla. 3d DCA 1964), cert. denied, 166 So.2d 591 (Fla. 1964). I think therefore that, as in such cases as Jacobs v. Ross, 304 So.2d 542 (Fla. 3d DCA 1974); Sharp v. Hixon, 293 So.2d 113 (Fla. 2d DCA 1974); and McManus v. McManus, 238 So.2d 473 (Fla. 2d DCA 1970), the modification should not be permitted to stand.