382 So.2d 823 (1980)
Maureen H. SNIFFEN, Appellant,
v.
John M. SNIFFEN, Appellee.
No. 78-1782.
District Court of Appeal of Florida, Fourth District.
April 16, 1980.
Stuart L. Stein of Gedrich & Stein, Fort Lauderdale, for appellant.
Charles T. Whitelock of Feinstein & Whitelock, Fort Lauderdale, for appellee.
GLICKSTEIN, Judge.
By this appeal we are asked to review the propriety of the trial court's order, clarifying a final judgment which reversed the general master's report in a marriage dissolution action. We affirm the trial court's order which requires Mrs. Sniffen either to pay $20,000 or return to Mr. Sniffen bearer bonds with that face value.[1]
*824 In the instant case, Mrs. Sniffen filed a post-judgment petition that Mr. Sniffen be found in contempt for failure to pay and deliver to her certain personal effects and $14,200 in lump sum and rehabilitative alimony as the order of dissolution provided. The trial court filed an order of referral to the general master regarding the petition "as well as any related matter, and any Answers, Responses and Motions filed in opposition thereto." It should be noted that when the trial judge referred the petition to the general master, the only issue before the court was Mrs. Sniffen's petition.
Mr. Sniffen subsequently filed a motion for contempt demanding that Mrs. Sniffen remit the $20,000 in bearer bonds, representing the difference between the $180,000 in bonds Mrs. Sniffen had previously turned over and the $200,000 designated in the trial court's order of dissolution and affirmed by this court's mandate.
Although Mrs. Sniffen's petition regarding the amended final judgment was referred to the general master before Mr. Sniffen demanded the additional $20,000 in bonds, the general master undertook to hear all of the motions or petitions filed by the parties. The general master's report stated that Mrs. Sniffen had returned all bonds in her possession as of the date of the order of dissolution. It found that the Order of Dissolution, in referring to the bearer bonds, only intended Mrs. Sniffen to return what bearer bonds she possessed, and that the court did not require her to make up any deficiency from the original $200,000.
Exceptions to the general master's report were filed by appellee. The trial court then entered a final judgment and order of clarification which specifically recognized appellee's ownership interest in the additional $20,000 in bearer bonds.
The general master should not have undertaken an interpretation of the order of dissolution referring to the bearer bonds. Even if the trial court's order of dissolution was in error as to the value of bearer bonds to be delivered to appellee by appellant, there is nothing in the record to reflect an appeal from that specific determination. The return of the bonds was raised in the earlier appeal, appellant did not contest the $200,000 figure; nor does the record reflect that appellant filed any motion pursuant to Florida Rule of Civil Procedure 1.540 to correct the amount. Therefore, the order of dissolution as to the bearer bonds was binding on appellant. Cribb v. Cribb, 261 So.2d 566 (Fla. 4th DCA 1972); Di Martino v. Di Martino, 360 So.2d 1133 (Fla. 3d DCA 1978).
The law is clear that a general master may not go beyond the matter referred to him for determination by the trial court. If the general master reports a matter which was not referred by the trial court, the report as it relates to the unauthorized consideration is a nullity. Waszkowski v. Waszkowski, 367 So.2d 1113 (Fla. 3d DCA 1979). It is questionable whether the order of reference gave the general master authority to consider the meaning of the paragraph relating to the bearer bonds. The question involving any deficiency arose subsequent to the trial court's referral of the case to the general master; therefore, the trial judge would not have realized that the referral would involve interpretation of this provision of the judgment.
Conclusions of law made by a master, based upon facts established by the evidence, are not binding upon the trial court. Bergh v. Bergh, 127 So.2d 481 (Fla. 1st DCA 1961). Having written the judgment, the trial court was in a better position to know its meaning, especially since the record reflects that the court was aware that appellant had cashed in a $20,000 bond at the time the final judgment was issued. As such, the general master's report relating to the bonds was not binding on the trial court.
Accordingly, the order of the trial court is affirmed.
AFFIRMED.
DOWNEY, C.J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.
NOTES
[1] The bonds were part of the parties' earlier appeal to this court which declared Mr. Sniffen sole owner of the $200,000 in bearer bonds possessed by Mrs. Sniffen. However, the amount of the bonds was not questioned. Sniffen v. Sniffen, 352 So.2d 113 (Fla. 4th DCA 1977).