ALTENBERND, Judge.
Both Cove Cay Village IV Condominium Association and Plymouth Development Corporation appeal the final judgment which impresses a constructive trust in favor of the association on a parcel of real *308 estate owned by the developer. Under the declaration of condominium, the parcel of real estate is the site of the planned, but long-delayed, final phase of this condominium complex. The trial court impressed the constructive trust to forge a truce between the condominium association and the developer concerning a bitterly disputed shortage of parking at the complex. Although we approve the trial court’s temporary solution in this case, we reverse in part. On remand, the trial court must amend the judgment to resolve two matters which have not yet been fully adjudicated.
The Cove Cay Village IV Condominium was begun in 1980. The developer intended to construct an eight-phase complex. This complex is a residential planned development under Pinellas County’s zoning code. The complex is complete except for the planned final phase. The association contends that the development does not have sufficient parking to meet the county’s zoning requirements. The developer maintains that the complex will ultimately satisfy the zoning requirements because the complex will have sufficient parking once the final phase is completed. The development currently suffers from a major parking shortage because the planned final phase of the complex, if and when it is built, will contain an abundance of the planned parking spaces.
The developer no longer controls the condominium association. The land involved in the initial phases of the development is owned by the association. The developer, however, continues to own the land which would be used to construct the final phase of the complex, including the additional parking. The developer is currently allowing the unit owners and their visitors to use the undeveloped land for parking, but it is not legally obligated to reserve the land for them and could possibly alienate the land unless the land is protected in some fashion.
At trial, the association requested that title to all the undeveloped land be transferred or dedicated to the association. In the alternative, it requested a constructive trust over the land. The trial court denied the association’s request for title, but impressed a constructive trust to protect the association’s right to use this land as parking until the final phase is developed. The trial court ruled that the association is not entitled to a trust over the entire parcel, but only over some portion of the land which is sufficient to resolve the existing parking problem. Once the final phase is developed, the land will be dedicated to the association and the constructive trust will cease to exist.[1] This equitable remedy is unusual, but so is the problem.[2] We affirm its use in this unique case. See Le Cain v. Becker, 58 So.2d 527 (Fla.1952).
The final judgment, however, does not describe which portion of the land constitutes the corpus of the trust. Instead, the judgment delegates the “conclusive and final” decision for the determination of the real property within the trust to the Pinel-las County Zoning Division. While the trial court may give great weight to the recommendation of the zoning division, it cannot delegate to that nonjudicial body the responsibility to determine the size and legal description of the land which is the corpus of the trial court’s constructive trust. See In re Alkire’s Estate, 142 Fla. 862, 198 So. 475 (1940); Fletcher v. State, 405 So.2d 748 (Fla. 2d DCA 1981) (court cannot delegate determination of amount of restitution to probation supervisor); Woolf v. Reed, 389 So.2d 1026 (Fla. 3d DCA 1980) (court cannot delegate its judicial authority to administrator ad litem). On remand, the trial *309 court shall conduct the necessary hearing and enter a new judgment determining and describing the portion of land within the trust.[3]
In order for the developer to legally complete the last phase of the complex, the declaration of condominium must be amended. The developer, however, no longer controls the association. Thus, it cannot amend the declaration without the approval of the unit owners. The trial court’s final judgment clearly contemplates that the developer is entitled to propose a reasonable amendment and that the association is required to approve such a reasonable amendment. Again, we approve that solution in this case. It is obvious from the arguments on appeal, however, that the parties misperceive the thrust of the trial court’s order. Thus, on remand the trial court shall clarify this portion of the final judgment and retain jurisdiction over the implementation of the terms of its judgment.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
FRANK, A.C.J., and PATTERSON, J., concur.

. Obviously, if the final phase is not developed within the time frame described in the amended declaration of condominium, which is discussed later in this opinion, the trial court will need to make a final disposition of the land within the trust.

. This case is unusual for several reasons. First, chapter 718 of the Florida Statutes has been substantially amended since the original declaration of condominium was recorded for this phase condominium in 1980. Second, this parking problem was created, in part, by an oversight in Pinellas County's zoning code, which did not foresee the problem of a phase condominium developing residential units faster than parking spaces. Finally, the parking congestion at this condominium was exacerbated by a consent judgment in an earlier dispute between the developer and some unit owners which eliminated one phase, enlarged two other phases, and reconfigured the parking areas.

. The association also appealed an injunction preventing it from enforcing its parking plan. The injunction sought to protect the developer and future unit purchasers. At oral argument in this court, the developer stipulated that the injunction was no longer necessary and could be dissolved. Thus, we assume that the parties can resolve this matter without any action by this court.