749 So.2d 561 (2000)
Cornell E. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-01473.
District Court of Appeal of Florida, Second District.
January 19, 2000.
Pierce J. Guard, Jr., of Pierce J. Guard, Jr., P. A., Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
STRINGER, Judge.
Appellant, Cornell E. Jones, challenges his conviction for robbery. Appellant asserts that the trial court erred in denying his motion to suppress the "show up" identification and courtroom identification made by the victim; his motion to strike the jury panel; and his motion for mistrial. We affirm the trial court's denial of appellant's motion to suppress and motion for mistrial without further comment. We however reverse the denial of appellant's motion to strike the jury panel because the procedure used by the circuit to excuse prospective jurors was contrary to the law.
Prior to trial, appellant filed a motion to strike the jury panel. Appellant argued that several potential jurors had been improperly excused by the clerk of court. The chief judge of the Twelfth Judicial Circuit had issued a memorandum, dated February 9, 1993, to the clerk of court authorizing the excusal of prospective jurors in certain circumstances. Some of the circumstances listed were:
3. Practicing physicians, upon request; practicing attorneys who are admitted to The Florida Bar, upon request;
. . . .
5. Those who convince the Clerk's office that they, in fact, have valid vacation plans, a doctor's appointment, or other such temporary problem for that week, may be postponed to another week;
6. Persons who can demonstrate extreme hardship regarding their occupation, their physical condition, or for reasons of public necessity.
In all other cases, the permission of a judge must be obtained before excusing a summoned juror.
Appellant argued that the procedures outlined in the chief judge's memorandum were contrary to the law and were an improper delegation of a judicial function. The trial court ruled that appellant's motion was untimely and denied the motion.
*562 Section 40.013, Florida Statutes (1997), contains nine circumstances in which a prospective juror may or must be excused from jury service. Only subsections (5) and (6) implicate the trial court's discretion. See Hoskins v. State, 702 So.2d 202, 205 (Fla.1997) (stating only subsections (5) and (6) implicate the court's discretion). Section 40.013(5) and (6) provides that:
(5) A presiding judge may, in his or her discretion, excuse a practicing attorney, a practicing physician, or a person who is physically infirm from jury service, except that no person shall be excused from service on a civil trial jury solely on the basis that the person is deaf or hearing impaired, if that person wishes to serve, unless the presiding judge makes a finding that consideration of the evidence to be presented requires auditory discrimination or that the timely progression of the trial will be considerably affected thereby. However, nothing in this subsection shall affect a litigant's right to exercise a peremptory challenge.
(6) A person may be excused from jury service upon a showing of hardship, extreme inconvenience, or public necessity.
§ 40.013(5), (6) Fla. Stat. (1997). Subsections (5) and (6) correspond to several of the circumstances listed in the chief judge's memorandum. Thus, the chief judge's memorandum authorized the clerk of court to excuse jurors under the discretionary authority granted trial judges under subsections (5) and (6). This was clearly error.
In Hoskins v. State, 702 So.2d 202, 205 (Fla.1997), a defendant filed a "motion with reference to jury procedure" arguing that his jury was unfairly selected because the chief judge had issued an administrative order that authorized the clerk of court to excuse jurors under certain circumstances which included the conditions listed in section 40.013(5), Florida Statutes (1995). The supreme court held that the motion was untimely because the jurors at issue had already been excused, and the defendant's motion was not a challenge to the jury panel itself. See id. at 205-06. The supreme court however stated:
In reaching this decision, however, we emphasize that we are in no way sanctioning any process whereby a clerk of court is to carry out statutory mandated judicial responsibilities. We conclude that trial judges may not delegate their discretionary authority under section 40.013(5) to clerks of the court or any other official.
Id. at 206.
While a trial judge may delegate the task of excusing jurors that are prohibited from serving or that have the option of refusing to serve under section 40.013, see Johnson v. State, 660 So.2d 648, 660 (Fla.1995), a trial judge cannot delegate to the clerk its discretionary authority to excuse jurors under subsections (5) and (6). See Hoskins, 702 So.2d at 206. The procedure utilized by the Twelfth Circuit is exactly the type of delegation the supreme court prohibited in Hoskins.
Furthermore, unlike the defendant in Hoskins, appellant challenged the jury panel itself. Florida Rule of Criminal Procedure 3.290 provides that the jury panel may be challenged up until the time a juror is examined. See Fla. R.Crim. P. 3.290. Since appellant made his motion to strike the jury panel prior to any jurors being examined, the trial court erred in concluding appellant's motion was untimely. In reaching this decision, we would mention that our holding only applies to cases in which the defendant has made a challenge to the jury panel itself based on this improper procedure and has properly preserved the issue for appellate review through a timely motion to strike the jury panel.
We reverse the denial of appellant's motion to strike the jury panel, reverse appellant's *563 conviction and sentence, and remand for a new trial consistent with this opinion.
Reversed and remanded.
PATTERSON, C.J., and ALTENBERND, J., Concur.