836 So.2d 1089 (2003)
E.S. Mother of C.F. AND C.H., JR., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 1D02-3582.
District Court of Appeal of Florida, First District.
February 6, 2003.
*1090 Maria Rodriguez, Tallahassee, for Appellant.
Acelo I. Pedrosa, Susan Dawson, Joyce Sibson Dove, Don Pumphrey Jr., Tallahassee, for Appellee.
PER CURIAM.
Having considered the appellant's responses or failure to respond to this Court's orders, dated December 10, 2002, November 12, 2002, October 14, 2002, and September 23, 2002, we dismiss this appeal for lack of jurisdiction because no order filed constitutes either a final order or a nonfinal order appealable pursuant to Florida Rules of Appellate Procedure, 9.130(a)(4) (2002).
The appellant is seeking review of the Final Order Ratifying General Master's Finding that Mother Engaged in Egregious Conduct, But Granting Exception that Manifest Best Interests Do Not Support Termination at This Time, filed July 30, 2002. In this order on a petition for termination, the trial court found that there were grounds for termination, but failed to terminate the appellant's rights based on a determination that termination was not in the best interests of the children at this time. This order also failed to find that the children were dependent.
Orders terminating parental rights or adjudicating children dependent are appealable. See G.L.S. v. Department of Children & Family Services, 724 So.2d 1181 (Fla.1998); A.G. v. Department of Children and Family Services, 731 So.2d 1260 (Fla.1999). Following a termination hearing, the trial court is required to either (1) deny the petition for termination of parental rights and either (a) adjudicate the children dependent or (b) dismiss the petition for termination, or (2) grant the petition to terminate parental rights. § 39.811(1)(a)(b), (2), Fla. Stat. (2001). However, this order is not final because it neither terminates parental rights nor adjudicates the children dependent.
This Court allowed the appellant an opportunity to obtain a final order terminating parental rights or adjudicating the children dependent. However, the order obtained, Report and Order on Status of Appeal and Final Order Heard on October 28, 2002, filed December 4, 2002, also fails to terminate parental rights or adjudicate the children dependent. Therefore, dismissal for lack of jurisdiction on this direct appeal is appropriate.
DISMISSED.
ALLEN, C.J., WOLF and PADOVANO, JJ., concur.