COBB, W., Senior Judge.
 

 In this case we are confronted with an “appeal” from a “Final Judgment in Favor of Defendant” signed on September 20, 2007, by one James E. Glatt, Jr., apparently acting as a General Magistrate, although that capacity is not designated on the face of the document. This “judgment” was issued by Magistrate Glatt after he entered a directed verdict at the conclusion of the plaintiff’s case in a jury trial involving an action for slander. Jurisdictional concerns prompted this court to withdraw our previous opinion of April 9, 2009, and order supplemental briefs from the parties. We now issue the following opinion in place of the original.
 

 From the supplemental briefs, it appears that it is the standing practice maintained by the Ninth Judicial Circuit to permit magistrates, on select occasions, to assist with the heavy overload of cases by presiding over civil jury trials. As the
 
 *1052
 
 parties have observed, there is no Florida authority, decisional or statutory, directly addressing whether a magistrate may preside over a civil jury trial with the consent of the parties. However, having undertaken an exhaustive consideration of the relevant authorities, we conclude that magistrates may not preside over a civil jury trial in the absence of express authorization by statute or rule of procedure.
 

 Florida Rule of Civil Procedure 1.490 authorizes judges of the circuit court to appoint general and special magistrates. General magistrates continue in office until removed by the court and must take the oath of office required of officers by the Constitution. No matter can be referred to a magistrate without the parties’ consent. Fla. R. Civ. P. 1.490(a)-(c) (2009). A magistrate’s general powers and duties are defined in subsection (d), which states in relevant part: “Every magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and under the direction of the court.” Fla. R. Civ. P. 1.490(d). Focusing on the word “all,” the Appellant Lackner asserts that this provision should be interpreted to permit a magistrate to perform all functions of the trial court, including presiding over jury trials. This argument ignores the last part of the sentence, which limits a magistrate to those duties “that pertain to the office according to the practice in chancery and under the direction of the court.”
 
 Id.
 
 The first part of this phrase seems to confine a
 
 magistrate
 
 to those duties traditionally exercised by magistrates in chan-eery, which largely consisted of taking witness testimony.
 
 [1]
 
 The second part of the phrase clearly specifies that a magistrate’s duties must be performed under the direction of the court. These two limitations weigh against interpreting the rule to permit a magistrate to preside over a jury trial, especially when considered in the context of the rest of rule 1.490.
 

 Subsection
 
 (f) sets
 
 out the procedures for conducting hearings before a magistrate and taking evidence at the hearing. The provision authorizes a magistrate to examine the parties and witnesses under oath and to “take all actions concerning evidence that can be taken by the court and in the same manner.” Fla. R. Civ. P. 1.490(f). The final two subsections require the magistrate to file a report containing its findings and provide that a party may serve exceptions to the report within 10 days from the time the report was served on them. Fla. R. Civ. P. 1.490(g)-(e). The rule concludes by stating: “If no exceptions are filed within that period, the court shall take appropriate action on the report. If exceptions are filed, they shall be heard on reasonable notice by either party.” Fla. R. Civ. P. 1.490(e).
 

 Nothing in rule 1.490 expressly authorizes a magistrate to conduct a jury trial. On the contrary, the rule seems to contemplate that a magistrate will be utilized only to take evidence and issue recommended findings and rulings. It is then the duty and sole province of the trial court to review the magistrate’s report and render a final ruling, order, or judgment.
 
 *1053
 
 To interpret the rule otherwise and permit magistrates to conduct jury trials in the absence of an express grant of authority would constitute an impermissible delegation of judicial authority.
 

 Article V of the Florida Constitution vests judicial power exclusively in the courts. The authority to conduct jury trials is implicit in the judicial power, and the Legislature has made it explicit by statute. Section 40.001, Florida Statutes (2008),' provides in relevant part: “The chief judge of each judicial circuit is vested with overall authority and responsibility for the management, operation, and oversight of the jury system within his or her circuit.” Judicial powers vested in the courts by constitution or statute are nondelegable. As the court in
 
 Bell v. Bell,
 
 307 So.2d 911 (Fla. 3d DCA 1975), explained:
 

 Under Rule 1.490, RCP, a circuit judge may appoint masters and refer certain matters to them as a matter of procedure. However, “The judicial power ... (is) not delegable and cannot be abdicated in whole or in part by the courts.”
 
 In re Thompson’s Estate,
 
 [145 Fla. 42, 199 So. 352, 355 (Fla.1940) ]. Exclusive original jurisdiction of equity cases being vested in the courts, “... a consideration of the advantages and practicalities of the master system must be restricted by the knowledge that there is no organic provision for delegation by the Court to a master of any of the Court’s power.”
 
 Slatcoff v. Dezen,
 
 [74 So.2d 59, 63 (Fla.1954) ].... Even when no exceptions are made to the master’s report, entry of a final judgment in accordance with the master’s findings and recommendations is not a mere formality. Rather, the court is duty bound to examine and consider the evidence for itself and to make a judicial determination as to whether under the law and the facts the court is justified in entering the judgment recommended by the master.
 

 Id.
 
 at 914. In
 
 De Clements v. De Clements,
 
 662 So.2d 1276 (Fla. 3d DCA 1995), the court added: “This duty, which has its origins in, and is guaranteed by, the Florida Constitution, reflects the axiom that the trial judge is the only elected constitutional officer with the organic right to determine a litigant’s case.”
 
 Id.
 
 at 1283 & n. 16 (citing Art. I, §§ 9, 21-22, Fla. Const.; Art. V, §§ 5-6, Fla. Const.;
 
 Bell,
 
 307 So.2d at 914-15). Although
 
 Bell
 
 and
 
 De Clements
 
 did not involve jury trials,
 
 [2]
 
 these general principles weigh against interpreting rule 1.490 to permit a magistrate to conduct a jury trial.
 
 See also Powell v. Weger,
 
 97 So.2d 617, 619 (Fla.1957) (explaining
 
 *1054
 
 that an entire case cannot be referred to a master without the parties’ consent because the constitution vests exclusive original jurisdiction for equity cases in the circuit courts and “there is no constitutional provision affirmatively authorizing the delegation of any of the court’s powers to a master.”).
 

 Other cases addressing delegation further support the conclusion that magistrates may not conduct jury trials. For example, in
 
 Jones v. State,
 
 749 So.2d 561 (Fla. 2d DCA 2000), the court held that while a judge can delegate the task of excusing jurors who were either prohibited from serving or permitted to refuse to serve by statute, a judge cannot delegate to the clerk its discretionary authority to excuse jurors under other provisions of the same statute. In
 
 Cove Cay Village IV Condominium Ass’n v. Plymouth Development Corp.,
 
 561 So.2d 307, 308 (Fla. 2d DCA 1990), the court held that the trial court could not delegate to a zoning board the responsibility of determining the size and legal description of land that was the corpus of the trial court’s constructive trust. The court in
 
 Cove Cay Village IV
 
 cited
 
 Fletcher v. State,
 
 405 So.2d 748 (Fla. 2d DCA 1981), which held that a court cannot delegate the determination of the amount of restitution to a probation supervisor, and
 
 Woolf v.
 
 Reed, 389 So.2d 1026 (Fla. 3d DCA 1980), which held that a court cannot delegate its judicial authority to an administrator ad litem. If a trial court cannot delegate the types of duties discussed in these cases without contravening the constitution, it is highly unlikely that a court could delegate a duty as significant as conducting a jury trial.
 

 Even if it were not an improper delegation of judicial authority to allow a magistrate to preside over a jury trial, the magistrate in the present case was not authorized to preside over a trial at all— jury or nonjury. The parties filed a written stipulation stating they consented “to the Referral to the General Magistrate of all matters and issues set forth in the Order of Referral herein.” The order referring the case to the general magistrate reflected that “[a]ll pending motions” and “any other matters related thereto” were being referred. Significantly, while the form order contained several other matters that could specifically be referred, such as a nonjury trial, enforcement, pretrial conference, discovery motions, or status hearing, only the pending motions option was marked and selected by the court.
 

 The law is clear that a general master may not go beyond the matters referred to him for determination by the trial court, and that if a general master reports as to a matter which was not referred to him by the trial court, his report so far as it relates to that matter is a nullity.
 

 Waszkowski v. Waszkowski,
 
 367 So.2d 1113, 1113 (Fla. 3d DCA 1979);
 
 see also Sniffen v. Sniffen,
 
 382 So.2d 823 (Fla. 4th DCA 1980) (same);
 
 Koenig v. Watsco, Inc.,
 
 261 So.2d 851 (Fla. 3d DCA 1972) (same). Thus, any actions taken by the magistrate in this case that exceeded the scope of the referral, such as conducting the trial, were a nullity.
 

 The problem in the present case is compounded by the fact that the magistrate did not issue a report or recommendation. Instead, he purported to render a final judgment in favor of Central Florida Investments, which stated in relevant part:
 

 This action was tried before the Court and jury. At the conclusion of Plaintiffs case-in-chief on the issues of liability and after consideration of all the evidence and testimony presented at trial, the Court granted Defendant’s Motion for Directed Verdict on Count IV (Defamation) of Plaintiffs Second Amended
 
 *1055
 
 Complaint and thereafter entered its Order on Defendant’s Motion for Directed Verdict as to Count IV on Sept. 18, 2007 nunc pro tunc Aug. 23, 2007. The parties have stipulated to dismiss Counts I, II and III of Plaintiffs Second Amended Complaint without prejudice.
 

 There is nothing in the record to suggest that this “final judgment” was ever adopted, ratified, or otherwise approved by the trial court. In other words, no appeal-able final order was ever rendered by the trial court; therefore, this court lacks jurisdiction to review the merits of the issues presented on appeal.
 
 See, e.g., E.S. v. Dep’t of Children & Families,
 
 836 So.2d 1089 (Fla. 1st DCA 2003) (dismissing for lack of jurisdiction because order appealed merely ratified master’s findings and therefore was not a final or nonfinal ap-pealable order);
 
 Grafman v. Grafman,
 
 488 So.2d 115 (Fla. 3d DCA 1986) (dismissing for lack of jurisdiction because the order, which rescinded an order referring the matter to a master, was not a final or nonfinal appealable order). As the opinions in these cases demonstrate, however, this court does have jurisdiction to determine the issue of its own jurisdiction.
 
 See Swaim v. State,
 
 803 So.2d 797, 798-99 (Fla. 5th DCA 2001) (explaining that an appellate court has jurisdiction to determine its own jurisdiction, both as to the parties and subject matter);
 
 cf. Allan & Conrad, Inc. v. Univ. of Cent. Fla.,
 
 961 So.2d 1083 (Fla. 5th DCA 2007) (observing that prohibition cannot be used to divest a lower court of jurisdiction to hear and determine the issue of its own jurisdiction).
 

 In sum, there is no Florida authority either expressly permitting or prohibiting a magistrate from conducting a civil jury trial with the parties’ consent. However, the relevant state constitutional provisions, statutes, rules, and interpreting decisions indicate that such a practice is not permitted in the absence of an express grant of authority by statute or rule of procedure. Even if permitted by rule or statute, the order referring the case to the magistrate would also have to specifically grant the authority to preside over the jury trial, and the final order or judgment would have to be entered by the trial court. Therefore, the magistrate in the present case was not authorized to preside over the jury trial or enter the final judgment, and both were a nullity. Accordingly, the final judgment must be vacated and the cause remanded for proceedings before a circuit judge, including a jury trial if appropriate.
 

 VACATED and REMANDED.
 

 MONACO and EVANDER, JJ., concur.
 

 [1]
 

 . The historical context of the rule supports this interpretation. As the authors' comment explains, the rule is based on the old Chancery Act and "the former practice in equity was usually to have testimony taken before a master or special examiner." Fla. R. Civ. P. 1.490 (1967 authors' comment);
 
 see also
 
 Fla. S. Gov't Oversight & Productivity Comm., Judiciary Comm., CS for SB 192 (2003) Staff Analysis 1-5 (January 22, 2004) (noting that prior to 1972, the magistrate system was largely synonymous with small claims court, county court, or court of record) [hereinafter Staff Analysis], To clarify, in view of the modern merger of law and equity, we do not interpret the rule to mean that a magistrate can only be used in chancery (equity) cases.
 

 [2]
 

 . The court in
 
 Bell
 
 held it was error to refer a matter to a master over one party’s objection and to later refer,that party’s exceptions to another master.
 
 Bell v. Bell,
 
 307 So.2d 911 (Fla. 3d DCA 1975). In
 
 De Clements,
 
 the court held it was error to ratify a master's report when the master failed to make a record of the proceedings.
 
 De Clements v. De Clements,
 
 662 So.2d 1276 (Fla. 3d DCA 1995). Here, it is worth noting that the Legislature amended the Florida Statutes in 2004 to replace the term "magistrate” with “trial court judge,” and "master” with "magistrate” to reflect the 1972 amendments .to Article V of the Florida Constitution, eliminating specialty courts.
 
 See
 
 Staff Analysis at 1-2. The rules of procedure were amended to conform to the statutory changes.
 
 See Amendments to the Fla. Rules of Appellate Procedure,
 
 887 So.2d 1090 (FIa.2004). In contrast, the federal system contains both masters and magistrates. Masters are essentially special magistrates; they are used for limited purposes and, after rule revisions in 2003, may not preside over jury trials.
 
 See
 
 Fed. R. Civ. P. 53 (2008). Federal magistrates, on the other hand, serve as full-time judicial officers who may, with the parties’ consent, conduct all proceedings in civil jury and nonjury cases, including ordering entry of judgment when specially des- • ignated to exercise such jurisdiction by the district court.
 
 See
 
 28 U.S.C. § 636 (2008); Fed. R. Civ. P. 73.