# Third District Court of Appeal

## State of Florida

Opinion filed February 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-85
Lower Tribunal No. 11-32962
_____

**Yuriorkis Gamboa Toledano,**
Appellant,

vs.

**Haydee Garcia,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Vasquez de Lara Law Group and Vanessa Vasquez de Lara, for appellant.

Joyce Law, P.A., and Richard F. Joyce, for appellee.

Before LINDSEY, MILLER and LOBREE, JJ.

LOBREE, J.

In this post-judgment proceeding, Yuriorkis Gamboa Toledano (the

"Father"), appeals the trial court's order on his motion to strike and/or set aside the order on report of general magistrate, order closing post judgment and judgment on a motion for attorney's fees and costs, and the motion of Haydee Garcia (the "Mother") to strike his exceptions to report of general magistrate and/or motion to vacate and or/set aside the findings and recommendations of the general magistrate, motion for sanctions, attorney's fees and costs ("order denying motion to strike or set aside"). We affirm the order denying motion to strike or set aside, except to the extent that it approved and adopted the general magistrate's report and recommendation on the Mother's supplemental petition for modification of final judgment. Because the trial court never referred the Mother's supplemental petition for modification of final judgment to the general magistrate under Florida Family Law Rule of Procedure 12.490, the general magistrate's findings and recommendations on the matter were a nullity, rendering the order on report of general magistrate, to the extent it approved and adopted findings and recommendations on those matters, void and subject to be set aside under Florida Rule of Civil Procedure 1.540(b).

Factual and Procedural History

The parents share a 10-year-old daughter together. The Father's paternity of the child was established through a final judgment on the

2

Mother's 2011 petition to determine paternity. The trial court ordered shared parental responsibility and a timesharing schedule, and a final judgment on child support was entered in 2013. In 2016, the Mother filed a supplemental petition for modification of child support seeking an increase in child support, and the Father filed a verified supplemental petition for downward modification of the final judgment on child support.

The trial court referred the parties' respective supplemental petitions for modification of child support to a general magistrate pursuant to rule 12.490. The Mother then filed a supplemental petition for modification of final judgment, alleging that the Father did not exercise his timesharing, maintain contact with their daughter, or communicate with her regarding their daughter. The Mother sought sole parental responsibility, primary timesharing, and a recalculation of child support. The Father answered the Mother's petition for modification of final judgment.

The general magistrate set a September 1, 2020 hearing on the Mother's supplemental petition for modification of final judgment and the Father's petition for downward modification of child support. The trial court subsequently referred the Mother's motions for attorney's fees and costs, for contempt for failure to comply with a July 15, 2020 court order, and for sanctions and attorney's fees and costs to the same general magistrate

3

named in the prior referrals. A second notice of hearing indicated that the general magistrate would consider the supplemental petitions for modification of child support, the Mother's motions for attorney's fees and costs, contempt, and sanctions, and the Mother's supplemental petition for modification of the final judgment at the hearing.

After the hearing, at which the Father did not appear, the general magistrate filed a final report and recommendation. In the report, the general magistrate granted the Mother's supplemental petition for modification of child support, ordering an increase in arrearage payments but maintaining the original monthly amount of child support obligation. The general magistrate struck the Father's motion for downward modification of child support. The general magistrate also granted the Mother's supplemental petition for modification of time sharing, awarding the Mother sole parental responsibility and "100% timesharing with the minor child." The general magistrate granted the Mother's motions for contempt and for sanctions, attorney's fees, and costs. Finally, the general magistrate granted the Mother's motion for attorney's fees and costs and ruled that judgment be entered against the father and in favor of the Mother's counsel in the amount of $14,577.85.

On October 6, 2020, the trial court entered (1) an order on report of general magistrate, finding that no exceptions to the report had been filed within ten days under rule 12.490(f), and approving and adopting the magistrate's report; (2) an attorney's fees and costs judgment ordering the Father to pay $14,577.85 to the Mother's counsel; and (3) an order closing the post judgment matters (collectively, the "October 6 orders"). Later that evening, the Father filed (1) a motion to strike and/or set aside the order on report of general magistrate, order closing post judgment, and attorney's fees and costs judgment ("motion to strike or set aside"), and (2) exceptions to report of general magistrate dated September 21, 2020 and/or motion to vacate and/or set aside the general magistrate's findings and recommendations ("exceptions"). The Mother moved to strike the exceptions and for sanctions, attorney's fees and costs ("motion to strike the exceptions").

Among other things, in his motion to strike or set aside, the Father argued that that the general magistrate considered the Mother's supplemental petition for modification of final judgment, despite "no order of referral to general magistrate being entered." As to the order on report of general magistrate, the Father argued that it was "improper as redundant, immaterial, impertinent or scandalous pursuant to Florida Family Law Rule

5

of Procedure 12.140(f) as it did not afford the [Father] an opportunity to be heard on [his] exceptions and was ordered without the necessary due process required." After a hearing on the Father's motion to strike or set aside and the Mother's motion to strike the exceptions, the trial court entered its order denying motion to strike or set aside. The Father's appeal from the order denying the motion to strike or set aside followed.[1]

Standard of Review

"Generally, we review a trial court's order denying a rule 1.540(b) motion for abuse of discretion. Whether an order is void, though, is a

---

[1] Although the Father did not cite rule 1.540 in his motion to strike or set aside, he sought, in part, to set aside the order on report of general magistrate on the basis that it was entered in excess of authority and in violation of his right to due process. Rule 1.540(b)(4) provides that "the court may relieve a party . . . from a final judgment, decree, order, or proceeding" on the basis that the "judgment, decree, or order is void." This includes instances where the movant claims a denial of due process. See Van Tran v. Deutsche Bank Nat'l Tr. Co., 302 So. 3d 990, 993 (Fla. 3d DCA 2020).

In these circumstances, we construe the Father's motion to strike or set aside as seeking relief from a void final order under rule 1.540(b). Cf. Renovaship, Inc. v. Quatremain, 208 So. 3d 280, 285 (Fla. 3d DCA 2016) (construing defendant's motion to vacate dismissal order as motion for relief under rule 1. 540(b)(4); "While not expressly set forth in the motion to vacate, Quatremain's argument implied that the failure to receive the dismissal order constituted a denial of due process, rendering the order 'void' under rule 1.540(b)(4) and subject to attack at any time."). Because an order denying a timely motion for relief from a final order under rule 1.540(b) is appealable under Florida Rule of Appellate Procedure 9.130(a)(5), this Court has jurisdiction to review the order denying motion to strike or set aside. See Stubbs v. Fed. Nat'l Mortg. Ass'n, 250 So. 3d 151, 152 (Fla. 2d DCA 2018).

question of law that we review *de novo*." <u>Sanchez v. Sanchez</u>, 285 So. 3d 969, 972 n.4 (Fla. 3d DCA 2019) (citation omitted); <u>see also</u> <u>Van Tran</u>, 302 So. 3d at 993 ("'This Court generally reviews a trial court's ruling on a rule 1.540(b) motion for relief from judgment for abuse of discretion.' Nevertheless, 'if a judgment previously entered is void, the trial court must vacate the judgment.' 'As a trial court's ruling on whether a judgment is void presents a question of law, an appellate court reviews the trial court's ruling de novo.'" (citations omitted and cleaned up)).

<u>Analysis</u>

The Father raises several issues on appeal. We find that only one has merit, specifically, that despite the lack of an order of referral from the trial court on the matter, the general magistrate heard, took evidence, and ruled on the Mother's request for modification of shared parental responsibility and timesharing. We otherwise affirm without discussion the remaining arguments made by the Father on appeal.

"Article V of the Florida Constitution vests judicial power exclusively in the courts." <u>Lackner v. Cent. Fla. Invs., Inc.</u>, 14 So. 3d 1050, 1053 (Fla. 5th DCA 2009). "Unlike an Article V judge, a magistrate has no inherent authority but has only the authority permitted by rule." <u>Humphrey v. Humphrey</u>, 296 So. 3d 536, 539 (Fla. 1st DCA 2020). To that end, rule

7

12.490(b)(1) requires that before a general magistrate hear a family law matter, a trial court must enter an order of referral and that the parties consent to the referral to the general magistrate. Fla. Fam. L. R. P. 12.490(b)(1) ("No matter shall be heard by a general magistrate without an appropriate order of reference and the consent to the referral of all parties."). Rule 12.490(b)(3) further provides that "[t]he order of referral must state with specificity the matter or matters being referred." Moreover, it is well established that where a general magistrate addresses matters beyond those referred by the trial court, any findings of fact and recommendations on that issue are a nullity. Waszkowski v. Waszkowski, 367 So. 2d 1113, 1113 (Fla. 3d DCA 1979) ("The law is clear that a general master may not go beyond the matters referred to him for determination by the trial court, and that if a general master reports as to a matter which was not referred to him by the trial court, his report so far as it relates to that matter is a nullity."); accord Lackner, 14 So. 3d at 1054 (holding that it was impermissible delegation of judicial authority for general magistrate to preside over jury trial in absence of grant of authority under rule or statute and that even if it were not, because trial court never referred jury trial to general magistrate, "any actions taken by the magistrate in this case that exceeded the scope of the referral, such as conducting the trial, were a nullity"); Horner v. Horner, 423

8

So. 2d 605, 605 (Fla. 3d DCA 1982) ("We reverse the order approving a general master's recommendation that the appellee-husband's visitation rights be restored because the order of reference did not include the matter, thus rendering the master's determination a nullity."). "The word 'nullity' means in law a *void* act or an act having no legal force or validity; invalid; null." Gotshall v. Taylor, 196 So. 2d 479, 481 (Fla. 4th DCA 1967) (emphasis added).

Here, the notices of hearing before the general magistrate each stated that the Mother's supplemental petition of modification of final judgment would be heard at the September 1, 2020 hearing. Indeed, the general magistrate considered the matter at the hearing and found that the Father "has had little if any contact with the minor child and shows little interest in doing so, has not assisted in the financial needs of the minor child, and has failed to comply with the final judgment . . . ." The general magistrate's report granted the Mother sole parental responsibility and "100% timesharing with the minor child," and the trial court approved and adopted the report in its order on report of general magistrate. The record shows, however, that the trial court never issued an order of reference of the Mother's supplemental petition of modification of final judgment—in which the Mother sought sole parental responsibility and primary timesharing—to the general magistrate

9

under rule 12.490(b)(1).  As a result, the general magistrate exceeded the scope of her authority in making findings and recommendations concerning shared parental responsibility and timesharing.  Thus, the general magistrate's report and recommendation was a nullity to the extent it reached those matters.  On this basis, we conclude that the trial court's order on report of general magistrate, which approved and adopted the legally ineffective report, was therefore void and subject to vacatur.

Conclusion

To the extent the trial court approved and adopted the general magistrate's findings and recommendations on matters raised in the Mother's supplemental petition for modification of the final judgment, the order on report of general magistrate was void, and the trial court erred in denying the Father's motion to strike or set aside.  Accordingly, we reverse, in part, the order denying motion to strike or set aside and remand for further proceedings consistent with this opinion.  We otherwise affirm.

Affirmed in part, reversed in part, and remanded for further proceedings.